OPINION
Appellant, Andrey D. Kartashov, appeals from the July 5, 2000 judgment entry of the Ashtabula County Court of Common Pleas, whereby he was sentenced to eight months imprisonment for failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331, a felony of the fourth degree.[1]
Trooper David Simpson ("Trooper Simpson") was headed westbound on Interstate 90, at 8:30 a.m., on the morning of January 1, 2000, when he observed a Honda Accord ("the Accord") traveling eastbound at a high rate of speed. Trooper Simpson activated his radar unit, which indicated that the Accord was traveling at one hundred ten m.p.h. Trooper Simpson used the crossover to change direction and activated his overhead lights. The Accord accelerated. Trooper Simpson radioed two other troopers for assistance and then entered into pursuit. He testified that he exceeded speeds of one hundred thirty m.p.h. in the course of the pursuit and was unable to pull even with the Accord.
Troopers Crystal Hall, Peter Gardner and David Robison ("Trooper Robison") joined the pursuit of the Accord. After a twenty minute pursuit, the Accord was eventually stopped with the assistance of Officer Michael Strine and Sergeant Anthony Emery of the Conneaut Police Department.
Appellant was the driver of the Accord. At the time that Trooper Robison arrested appellant, he smelled alcohol about his person and observed that his eyes were glassy and bloodshot. After appellant was secured, Trooper Robison transported him to the Ohio State Highway Patrol post in Saybrook. Once there, he had appellant perform a horizontal gaze nystagmus test, which appellant failed.
Appellant was indicted for a violation of R.C. 2921.331. A trial was held from April 5 through April 7, 2000. The jury returned a verdict of guilty. A sentencing hearing was held on June 29, 2000, at which the trial court sentenced appellant to a term of eight months at the Lorain Correctional Institute. This sentence was journalized in a July 5, 2000 judgment entry. Appellant has filed a timely appeal of that judgment entry and makes the following assignment of error:
 "The trial court erred to the prejudice of appellant when it sentenced [appellant] to a term of incarceration in excess of the minimum term for a felony of the fourth degree without finding on the record that the shortest term would demean the seriousness of [appellant's] conduct or not adequately protect the public from future crime by [appellant] or others."
 The trial court sentenced appellant to eight months of incarceration for a fourth degree felony. The minimum term of imprisonment for a fourth degree felony is six months. R.C. 2929.14(A)(4). Appellant contends that the trial court erred in sentencing him to more than a minimum term without finding on the record, pursuant to R.C. 2929.14(B), that the shortest term would demean the seriousness of his conduct or would not adequately protect the public from future crimes by appellant. We agree.
The Supreme Court of Ohio, in State v. Edmonson (1999),86 Ohio St.3d 324, 326, held that "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis sic.) TheEdmonson court further held that, although a trial court is not required to state the underlying reasons for imposing more than the minimum sentence, it "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons."Id.
The Ninth Appellate District noted in State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, 2000 WL 1507914, at 1, that Edmonson
disfavored State v. Blondheim ((May 27, 1998), Summit App. No. 18594, which held that when making findings, a trial court is not required to use statutory talismanic language. Therefore, the Riggs court concluded that "Edmonson requires a trial court to use some language that is close, if not identical, to the statutory criteria when articulating its findings." Id; State v. Fitzpatrick (Dec. 1, 2000), Lake App. No. 99-L-164, unreported, 2000 WL 1774139, at 3 ("[B]ecause [the] appellant had not previously served a prison term, the trial court was required to make an express finding on the record that the shortest prison term would demean the seriousness of appellant's conduct or would not adequately protect the public from future crime by him or others."). Contra Statev. Quinn (Aug. 30, 1999), Butler App. No. CA99-01-018, unreported, 1999 WL 669453, at 2; State v. Gillespie (Apr. 24, 2000), Clermont App. Nos. CA99-09-090 and CA99-09-091, unreported, 2000 WL 485519, at 5; and, Statev. Estrada (Sept. 18, 1998), Sandusky App. No. S-98-006, unreported, 1998 WL 636770, at 2.
In the instant case, the trial court made the following findings as part of its sentencing exercise: appellant had a prior conviction; he had not responded to sanctions previously imposed; he had a pattern of alcohol and drug abuse that was related to the offense; public safety and the safety of the officers was at risk during the pursuit; and, he was not amenable to community control. While the trial court did not explicitly use the language of R.C. 2929.14(B) to make a finding that the imposition of a minimum sentence would not adequately protect the public from future crimes by appellant, the facts mentioned by the court provided a de minimis functional equivalent of the pertinent statutory prong.
This writer firmly believes that, subsequent to Edmonson, R.C. 2929.14(B) should be applied in the manner suggested by Riggs and Fitzpatrick. In this case, however, there is an acceptable synonymous implication in the trial court's factual notations, that the court had concluded that the minimum sentence would not adequately protect the public from future crime by appellant. Therefore, in this instance, I am willing to conclude that the factual notations of the trial court rose to the threshold level of the express statement required by R.C. 2929.14(B) that the minimum sentence would not adequately protect the public from future crimes by appellant.
This holding should not be read as a derogation of this court's view that, for the purpose of facilitating appellate review, the preferred practice would be for the trial court to include the statutory language from R.C. 2929.14(B) in its judgment entry. See State v. Campbell (Dec. 22, 2000), Lake App. No. 99-L-012, unreported, 2000 WL 1876618, at 4 (although Campbell dealt with classifications pertinent to sexually oriented offenses, we are of the view that its rationale equally applies to the factors set forth in 2929.14(B)).
For the foregoing reasons, appellant's assignment of error is not well-taken.
The judgment of the Ashtabula County Court of Common Pleas is affirmed.
 ____________________________ JUDGE DONALD R. FORD
O'NEILL, P.J., GRENDELL, J., concur.
[1] It appears that appellant was indicted for a felony of the third degree, which the state incorrectly labeled as a felony of the fourth degree. The indictment states, in part, "[appellant] did operate a motor vehicle * * * so as willfully to elude or flee a police officer * * *. The operation of the motor vehicle * * * caused substantial risk of serious physical harm to persons or property." R.C. 2921.331(B) states that "[n]o person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." R.C.2921.331(c)(5)(a) states that "[a] violation of division (B) of this section is a felony of the third degree if the jury or judge as trier of fact finds any of the following by proof beyond a reasonable doubt: * * * (ii) [t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." (Emphasis added.)